IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHRISTOPHER BLOOD and WENDY BLOOD; JEFF BROCKMEYER and ANN BROCKMEYER; DEAN DAUBER and TANYA DAUBER; and SUE KOHL, Individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>GIVAUDAN FLAVORS CORPORATION, a Delaware Corp., f/k/a Givaudan-Roure Corp., and also as Givaudan-Roure Flavors Corp. and also f/k/a Tastemaker Corp., and also as Fries & Fries, Inc., and also as Mallinckrodt Foods & Flavors, Inc. and also as Mallinckrodt Flavor & Fragrances, Inc., and as a partner in the partnership Tastemaker; FIRMENICH INCORPORATED, a Delaware Corporation; SYMRISE INC., a New Jersey Corporation; and JOHN DOE DEFENDANTS 1-20,<br><br>   Defendants. | No. C07-142-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>_____ |

## I. INTRODUCTION AND BACKGROUND

On December 13, 2007, plaintiffs Christopher Blood and Wendy Blood, Jeff Brockmeyer and Ann Brockmeyer, Dean Dauber and Tanya Dauber, and Sue Kohl filed their Complaint against defendants Givaudan Flavors Corp. ("Givaudan"), Firmenich Incorporated ("Firmenich"), Symrise Inc. ("Symrise"), and twenty John Doe defendants alleging five causes of action. The five causes of action asserted are for negligence against all defendants (Count I), fraudulent concealment against defendant Givaudan (Count II), fraudulent concealment against defendant Firmenich (Count III), fraudulent concealment against defendant Symrise (Count IV, and a combined claim for loss of consortium and medical expenses against all defendants (Count V).[1] The Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332.

Defendants Firmenich and Symrise have each filed motions for summary judgment against plaintiffs Sue Kohl and Jeffrey Brockmeyer on the ground that their claims against them are barred by Iowa's statute of limitations (docket nos. 117 and 124). Defendant Firmenich has also filed two motions for summary judgment in which it seeks dismissal of plaintiffs' fraudulent concealment claims (docket nos. 118 and 120). In its motions, defendant Firmenich contends that plaintiffs cannot establish three elements of their fraudulent concealment claims, duty, reliance/causation and intent. Defendant Firmenich has also filed a motion for partial summary judgment with regard to plaintiffs' claims for

---

[1] The court found that plaintiffs had not plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b) with respect to their claim of fraudulent concealment against defendant Symrise. Therefore, the court granted defendant Symrise's Motion To Dismiss Count IV Of Plaintiffs' Complaint and dismissed Count IV of the Complaint in its entirety.

punitive damages (docket no. 119), asserting that plaintiffs cannot establish that it acted, or failed to act, in wilful and wanton disregard for the safety of others, or that Firmenich's alleged willful and wanton conduct caused plaintiffs any harm. In addition, defendant Symrise has filed a motion for summary judgment in which it asserts that it is entitled to judgment as a matter of law on all claims brought by plaintiffs Christopher Blood and Dean Dauber on the ground that these two plaintiffs cannot establish that Symrise's products were a proximate cause of these plaintiffs' alleged injuries (docket no. 129). Defendant Symrise also contends that plaintiffs' expert is unqualified to render causation opinions under *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993). Plaintiffs have resisted each of defendants' respective motions.

## II. LEGAL ANALYSIS

Because the court wishes to apprise the parties of the disposition of the pending motions for summary judgment so that they may continue their pretrial preparations, the circumstances necessitate that a "summary" summary judgment ruling must suffice.

As this court has often explained, applying the standards of Rule 56 of the Federal Rules of Civil Procedure, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990). The parties are to be complimented on their thorough and exhaustive briefing of the issues involved in this litigation. Upon review of the record, however, the court is compelled to conclude that genuine issues of material fact preclude summary judgment in defendant Symrise or defendant Firmenich's favor on any of the issues or claims on which defendant Symrise or defendant Firmenich seek such judgment. That said, the court notes

the issue of plaintiffs' claim for punitive damages against defendant Firmenich is an extremely close question. Because the issue is so close, the issue must be reserved for trial. The court will, of course, be open to reexamining this issue at the close of evidence, when the court will be in a far better position to assess the sufficiency of the evidence and determine whether to submit it to the jury.

Therefore, defendant Symrise and defendant Firmenich's respective motions for summary judgement are each **denied**.

**IT IS SO ORDERED.**

**DATED** this 29th day of May, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA